BROWN RUDNICK LLP
LEO J. PRESIADO, #166721
lpresiado@brownrudnick.com
2211 Michelson Drive
Seventh Floor
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514

BROWN RUDNICK LLP
WAYNE F. DENNISON (*pro hac vice to be submitted*)
wdennison@brownrudnick.com
JESSICA T. LU (*pro hac vice to be submitted*)
jlu@brownrudnick.com
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 289-0438

Attorneys for Plaintiff,
NuGEN Technologies, Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUGEN TECHNOLOGIES, INC., <br><br> Plaintiff <br><br> vs. <br><br> KEYGENE N.V. and KEYGENE, INC., <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff NuGEN Technologies, Inc. hereby alleges for its Complaint for Declaratory Judgment of Non-Infringement and Invalidity against Defendants KeyGene N.V. and KeyGene, Inc., on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

# NATURE OF THE ACTION

1. This is an action for declaratory judgment of invalidity and non-infringement of U.S. Patent Nos. 9,702,004 (the "'004 Patent") and 9,745,627 (the "'627 Patent") (collectively, the "Patents-in-Suit"), pursuant to the Declaratory Judgment Act, 27 U.S.C. §§ 2201-2202, and the United States Patent Law, 35 U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

# THE PARTIES

2. Plaintiff NuGEN Technologies, Inc. is a Delaware corporation with its principal place of business at 201 Industrial Road, Suite 310, San Carlos, California 94070 in this judicial district ("NuGEN" or "Plaintiff"). NuGEN is a biological science reagents provider.

3. On information and belief, KeyGene N.V. is a private company organized and existing under the laws of the Netherlands, with its headquarters and principal place of business located at Agro Business Park 90, 6708 PW Wageningen, The Netherlands ("KeyGene").

4. On information and belief, KeyGene, Inc. is a Delaware Corporation with its principal place of business located at 9600 Gudelsky Drive, Rockville, Maryland 20850 ("KeyGene US").

5. KeyGene and KeyGene US shall collectively be referred to as "Defendants."

# FACTUAL BACKGROUND

6. Upon information and belief, KeyGene is the assignee and owner of the right, title and interest in and to the Patents-in-Suit, including the right to assert all causes of action arising under the Patents-in-Suit and the right to any remedies for infringement.

7. The '004 Patent is entitled "Method for high-throughput AFLP-based polymorphism detection." The '004 Patent states that it issued on July 11, 2017. A true and correct copy of the '004 Patent is attached as <u>Exhibit A</u>.

8. The '627 Patent is entitled "High Throughput Screening of Populations Carrying Naturally Occurring Mutations." The '627 Patent states that it issued on August 29, 2017. A true and correct copy of the '627 Patent is attached as Exhibit B.

9. On August 14, 2017, KeyGene's CSO, Michiel van Eijk, and KeyGene's Licensing Counsel, Wendeline Ubing, traveled to NuGEN's office in San Carlos, California, in this District, to meet with Douglas Amorese and Joe Don Heath of NuGEN to discuss enforcement of KeyGene's patent portfolio in relation to NuGEN's products.

10. On December 13, 2017, Marjan Frik, KeyGene's VP Legal Affairs, wrote to Douglas Amorese, NuGEN's CSO, and Joe Don Heath, NuGEN's VP Market Development, Tech Support and Automation, at NuGEN's San Carlos office, stating that KeyGene believes that at least some of NuGEN's next-generation sequencing products "(in particular but without limitation the Ovation® and Allegro Products including the SPET technology) are offered for sale for use in methods covered by KeyGene Patents (for example, US 9,702,004)." The letter further states that KeyGene "will take the necessary steps to protect its rights if that proves necessary to prevent the use of its protected methods (as it has successfully done so previously)." A true and correct copy of KeyGene's December 13, 2017 letter is attached as Exhibit C.

11. On January 9, 2018, counsel for KeyGene and KeyGene U.S., Sunit Talapatra, wrote to Douglas Amorese at NuGEN's San Carlos office on behalf of Defendants to provide "exemplary claim charts mapping the instructed use of NuGEN products Ovation® Target Enrichment System and Allegro Targeted Genotyping to the independent claims of U.S. Patent Nos. 9,702,004 and 9,745,627, both assigned to KeyGene (collectively, the 'KeyGene patents')." Mr. Talapatra's letter further states that "[t]he charts also lay plain that the product manuals available for each of the NuGEN products instruct users to perform steps that fall

squarely within the scope of each step of at least the independent claims of the KeyGene patents, additionally exposing NuGEN to indirect (*e.g.*, induced) infringement arising from the commercialization of the products." Mr. Talapatra's letter further states that representatives of KeyGene and KeyGene U.S., including Arjen van Tunen, CEO of KeyGene, and Walter Nelson, CEO of KeyGene U.S., will be present at a conference in San Diego, California from January 13-17, 2018, and proposes a business meeting in San Diego with these representatives to discuss resolution of these infringement allegations. Mr. Talapatra's letter asks NuGEN to respond in writing by no later than January 26, 2018, and indicates that if no response is received by that date, "we must assume that NuGEN is not interested in an amicable resolution to this matter, leaving KeyGene no choice but to consider all available remedies for infringement of its intellectual property." A true and correct copy of Mr. Talapatra's January 9, 2018 letter is attached as <u>Exhibit D</u>. NuGEN has not provided a written response as requested by the letter.

12.  KeyGene has previously initiated federal litigation for patent infringement in the District Court for the District of Oregon.

13.  Given Defendants' express and repeated allegations of infringement of their patent portfolio, and specifically of the '004 and '627 Patents, by NuGEN products, specifically without limitation NuGEN's Ovation® Target Enrichment System and Allegro Targeted Genotyping, and Defendants' repeated threats to commence litigation against NuGEN to protect its rights, there is a concrete and immediately-justiciable controversy between NuGEN and Defendants. NuGEN seeks a declaratory judgment so that it may continue its business without the imminent and ever-present threat of litigation for patent infringement by Defendants.

///
///
///

## JURISDICTION AND VENUE

14. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

15. NuGEN and its products do not infringe, either directly or indirectly, any claim of the '004 or '627 Patents, and thus NuGEN has a right to continue providing products and services without interference from KeyGene's '004 or '627 Patents. In view of Defendants' repeated and express allegations of infringement by NuGEN's products and threats to file suit against NuGEN for patent infringement, a real and substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

16. This Court has general personal jurisdiction over Defendants because, *inter alia*, on information and belief, Defendants maintain substantial, continuous and systematic contacts with the United States, including the State of California.

17. This Court has specific personal jurisdiction over Defendants because, *inter alia*, Defendants have sufficient minimum contacts with the United States, including the State of California and this District, in view of, and without limitation, the reasons set forth herein. The Defendants have performed acts and have consummated transactions within the United States, including the State of California, and have otherwise purposefully availed themselves of the privileges of conducting activities in the United States, including the State of California, the claim alleged herein arises out of Defendants' activities in the United States, including the State of California, and the exercise of the jurisdiction of this Court over Defendants is reasonable.

18. Defendants have engaged in substantial and continuous enforcement efforts and activities within the United States, including the State of California, including this District, as demonstrated by, *inter alia*, their repeated enforcement efforts against NuGEN with respect to Defendants' patent portfolio and,

specifically, the Patents-in-Suit. Defendants have intentionally attempted to interfere with business in this District by directing enforcement efforts at NuGEN, a resident of this District. Defendants have not only directed written correspondence in furtherance of its enforcement efforts to NuGEN in this District, but Defendants' representatives have also traveled to and appeared in this District for the purpose of meeting with NuGEN representatives at NuGEN's office in San Carlos, California, in this District, in furtherance of Defendants' enforcement activities.

19. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendants are subject to this Court's personal jurisdiction with respect to this action for at least the reasons set forth herein.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,702,004)

20. NuGEN repeats and realleges each allegation set forth in the preceding paragraphs and incorporates them by reference herein.

21. Contrary to Defendants' allegations, the accused NuGEN products, including, without limitation, the NuGEN Ovation® Target Enrichment System and Allegro Targeted Genotyping referenced in Defendants' December 13, 2017 and January 9, 2018 letters, do not infringe and have not infringed, directly or indirectly, any claim of the '004 Patent, either literally or under the doctrine of equivalents.

22. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between NuGEN and Defendants. NuGEN requests a definitive judicial determination and declaration that its products do not infringe any claim of the '004 Patent. Such a determination and declaration are necessary and appropriate at this time to permit NuGEN to ascertain its rights, duties, and obligations regarding the '004 Patent.

///
///
///

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,702,004)

23. NuGEN repeats and realleges each allegation set forth in the preceding paragraphs and incorporates them by reference herein.

24. The '004 Patent is invalid under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, including but not limited to §§ 101, 102, 103 and 112.

25. The '004 Patent is invalid under 35 U.S.C. § 101, in part, because the claims are directed to an abstract idea without reciting significantly more than well-understood, routine, and conventional molecular biology techniques.

26. The '004 Patent is invalid under 35 U.S.C. § 112, in part, because the claims fail to particularly point out and distinctly claim the invention.

27. The '004 Patent is invalid under 35 U.S.C. § 103 because the steps of the claimed methods would have been obvious to a person having ordinary skill in the art at the time the invention was made and/or were not otherwise novel as required by 35 U.S.C. § 102.

28. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between NuGEN and Defendants based, in part, on Defendants' December 13, 2017 and January 9, 2018 letters and the representations therein, and NuGEN's unequivocal assertion that it does not infringe any valid claim of the '004 Patent.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,745,627)

29. NuGEN repeats and realleges each allegation set forth in the preceding paragraphs and incorporates them by reference herein.

30. Contrary to Defendants' allegations, the accused NuGEN products, including, without limitation, the NuGEN Ovation® Target Enrichment System and Allegro Targeted Genotyping referenced in Defendants' December 13, 2017 and

COMPLAINT FOR DECLARATORY JUDGMENT
7

January 9, 2018 letters, do not infringe and have not infringed, directly or indirectly, any claim of the '627 Patent, either literally or under the doctrine of equivalents.

31. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between NuGEN and Defendants. NuGEN requests a definitive judicial determination and declaration that its products do not infringe any claim of the '627 Patent. Such a determination and declaration are necessary and appropriate at this time to permit NuGEN to ascertain its rights, duties, and obligations regarding the '627 Patent.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,745,627)

32. NuGEN repeats and realleges each allegation set forth in the preceding paragraphs and incorporates them by reference herein.

33. The '627 Patent is invalid under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, including but not limited to §§ 101, 102, 103 and 112.

34. The '627 Patent is invalid under 35 U.S.C. § 101, in part, because the claims are directed to an abstract idea without reciting significantly more than well-understood, routine, and conventional molecular biology techniques.

35. The '627 Patent is invalid under 35 U.S.C. § 112, in part, because the claims fail to particularly point out and distinctly claim the invention.

36. The '627 Patent is invalid under 35 U.S.C. § 103 because the steps of the claimed methods would have been obvious to a person having ordinary skill in the art at the time the invention was made and/or were not otherwise novel as required by 35 U.S.C. § 102.

37. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between NuGEN and Defendants based, in part, on Defendants'

///

///

1  December 13, 2017 and January 9, 2018 letters and the representations therein, and
2  NuGEN's unequivocal assertion that it does not infringe any valid claim of the '627
3  Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NuGEN requests entry of judgment in its favor and against Defendants as follows:

(a) Declaring that NuGEN has not infringed, induced others to infringe, or contributed to the infringement of any claim of the '004 and '627 Patents, either directly or indirectly, either literally or under the doctrine of equivalents;

(b) Declaring that the claims of the '004 and '627 Patents are invalid;

(c) Enjoining Defendants, their officers, owners, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them, from making any claims that NuGEN's products or services infringe the '004 and '627 Patents;

(d) Enjoining Defendants, their officers, owners, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them, from enforcing the '004 and '627 Patents against NuGEN;

(e) Awarding NuGEN its costs in this action, including reasonable attorneys' fees pursuant to 35 U.S.C. § 285 because this is an exceptional case; and

(f) Granting such and other further relief as the Court may deem just and proper.

///
///
///
///

Pursuant to Federal Rule of Civil Procedure 38(b), NuGEN hereby requests a trial by jury of all the issues so triable.

DATED: January 24, 2018				Respectfully submitted,

**BROWN RUDNICK LLP**

By: /s/ Leo J. Presiado
Leo J. Presiado, #166721

BROWN RUDNICK LLP
Leo J. Presiado, #166721
lpresiado@brownrudnick.com
2211 Michelson Drive
Seventh Floor
Irvine, CA 92612
Telephone:	(949) 752-7100
Facsimile:	(949) 252-1514

Wayne F. Dennison (*pro hac vice to be submitted*)
Jessica T. Lu (*pro hac vice to be submitted*)
One Financial Center
Boston, MA 02111
Telephone:	(617) 856.8200
Facsimile:	(617) 289.0438
wdennison@brownrudnick.com
jlu@brownrudnick.com

Attorneys for Plaintiff
NuGEN Technologies, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to the maximum number on all triable issues.

DATED: January 24, 2018

Respectfully submitted,

**BROWN RUDNICK LLP**

By: /s/ *Leo J. Presiado*
Leo J. Presiado, #166721

BROWN RUDNICK LLP
Leo J. Presiado, #166721
lpresiado@brownrudnick.com
2211 Michelson Drive
Seventh Floor
Irvine, CA 92612
Telephone:   (949) 752-7100
Facsimile:   (949) 252-1514

Wayne F. Dennison (*pro hac vice to be submitted*)
Jessica T. Lu (*pro hac vice to be submitted*)
One Financial Center
Boston, MA 02111
Telephone:   (617) 856.8200
Facsimile:   (617) 289.0438
wdennison@brownrudnick.com
jlu@brownrudnick.com

Attorneys for Plaintiff
NuGEN Technologies, Inc.

62948394 v3